UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROGER D. WALLACE | CIVIL ACTION |
| VERSUS | NO. 07-7937 |
| INTEGRITY STAFFING SERVICES, et al. | SECTION "N" (3) |

# O R D E R  and  R E A S O N S

Before the Court are two motions: a **Motion to Dismiss (Rec. 14)** and a **Motion for Summary Judgment (Rec. Doc. 15)**. Both motions are opposed and turn on the same question: Whether Roger Wallace ("Wallace" or "Plaintiff") was a seaman within the meaning of the Jones Act at the time of his injury. Since the Court has pierced the pleadings to consider matters attached to the memoranda, the Court proceeds under Rule 56. So proceeding, the Court rules that the motion for summary judgment is **GRANTED** as set forth herein.

## I. BACKGROUND

Roger Wallace was intermittently employed by Empire Stevedoring (LA) Inc. ("Empire") as a warehouse tally clerk from 2004 to 2006. Empire is a contract stevedore that loads and unloads cargo from vessels and also provides warehousing services. As part of his job, Wallace would tally cargo as it was loaded into Empire-owned warehouses.

In October 2006, Empire contracted to unload a cargo of steel from the M/V KANG

CHANG. For this particular job, and allegedly at his own request, Wallace was moved from the warehouse to work onboard the M/V KANG CHANG, starting on October 29th. As recounted in his own Statement Under Oath, Wallace "worked primarily in the hold, marking down serial numbers of the [steel] coils and checking them against the ship's bill of lading." Opp. at Ex. 3 (Wallace Statement, ¶12). The steel was loaded onto a barge tied up alongside the vessel for transport to a warehouse.

On November 2, 2006, Wallace was instructed to go onboard the barge and double check a tally. While moving from the ship to the barge he fell from a ladder and was injured. Wallace claimed and was paid benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). He filed the instant suit on November 2, 2007, under the Jones Act and general maritime law seeking damages for negligence, unseaworthiness of the M/V KANG CHANG, and for maintenance and cure.

## II. ANALYSIS

The Jones Act provides a cause of action for "[a]ny seaman who shall suffer personal injury in the course of his employment." 46 U.S.C. § 688. The United States Supreme Court has defined "seaman" as one who contributes to the ship's work and has "a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and nature." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995). The *Chandris* Court explained:

> the total circumstances of an individual's employment must be weighed to determine whether he had a sufficient relation to the navigation of the vessels and the perils attendant thereon. The duration of the worker's connection to a vessel and the nature of the worker's activities taken together determine whether a maritime employee is a seaman because the ultimate inquiry is whether the

2

worker in question is a member of the vessel's crew or simply a land-based employee who happens to be working on a vessel at a given time.

*Id.* at 370 (citation omitted). The Fifth Circuit has stated as a general rule of thumb that in order to qualify as a Jones Act seaman, an employee should demonstrate that at least thirty percent of his work is spent in service of a vessel in navigation. *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 375 (5th Cir. 2001). The Supreme Court approved of this benchmark, but clarified that it is "no more than a guideline established by years of experience, and departure from it will certainly be justified in appropriate cases." *Chandris*, 515 U.S. at 371.

Qualifying as a seaman under the Jones Act hinges on an employee's status in relation to a vessel rather than on the nature or location of the injury. *Id.* at 359-63. "Land-based maritime workers do not become seamen because they happen to be working on board a vessel when they are injured, and seaman do not lose Jones Act protection when the course of their service to a vessel takes them ashore." *Id.* at 361.

Because LHWCA provides compensation for injured land-based maritime workers while specifically excluding "master[s] or member[s] of a crew," 33 U.S.C. § 902(3)(G), the Supreme Court has held that the LHWCA and Jones Act are mutually exclusive. *Chandris*, 515 U.S. at 355-56. However, the fact that an employee performs a job specifically enumerated in the LHWCA does not foreclose the possibility that the individual qualifies as a Jones Act seaman. *See id.* at 363; *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 89 (1991) ("It is not the employee's particular job that is determinative, but the employee's connection to a vessel.") (quotation omitted). The inquiry into seaman status is a mixed question of law and fact and, therefore, "it will often be inappropriate to take the question from the jury." *Harbor Tug &*

*Barge Co. v. Papai*, 520 U.S. 548, 554 (1997). "Nevertheless, summary judgment or a directed verdict is mandated where the facts and the law will reasonably support only one conclusion." *Id.*

In the instant case, though Wallace does not specifically break down his time by percentage spent onboard either the M/V KANG CHANG or the barge, nonetheless it is apparent from the facts alleged that a significant portion of his time between October 29, 2006, when he was employed by Empire to work onboard the M/V KANG CHANG, and November 3, 2006, when he was injured, was spent onboard these vessels. Nonetheless, the Court concludes that the 30 percent rule of thumb does not apply in this case. Though Wallace argues that there is a genuine issue of material fact as to whether Empire owned or operated either of the vessels in question, in his affidavit the general manager of Empire stated that the company did not own, operate, or charter any vessels, *see* Mot. at Ex. 1 (Wilson statement, ¶ 2), and Wallace has offered no evidence to counter this affidavit. The same general manager stated in his affidavit that at no time was Wallace "employed as a seaman or permanently assigned to a vessel or fleet of vessels under common ownership." *Id.* (Wilson statement, ¶ 3). Wallace was clearly not a member of the crew of those ships; it is undisputed that once the M/V KANG CHANG left harbor, he would not have sailed with it and would have been assigned to work on some other vessel or be reassigned to the warehouse. Nor is there any evidence that he was permanently assigned to the barge, even if the barge is a "vessel" within the meaning of the Jones Act.

Additionally, the work Wallace undertook while on board–counting and recording cargo as it was moved off the ship–is classic stevedore work. While it is not dispositive of the question of whether Wallace was a Jones Act seaman, nonetheless the fact that Wallace has accepted

4

LHWCA payments strengthens the inference that he was a longshoreman and not a seaman. Defendants have amassed convincing evidence, unrebutted except by bare allegations, that Wallace was not exposed to the perils of the sea, and the Court concludes that no reasonable factfinder could find otherwise. Thus, Wallace is not a seaman within the meaning of the Jones Act and his sole remedy is compensation under LHWCA.

### III. CONCLUSION

The Court pretermits the motion to dismiss and **GRANTS** the motion for summary judgment. This disposing of all issues in the matter, the case is accordingly **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 2nd day of March, 2009.

**KURT D. ENGELHARDT**
**United States District Judge**